Terence K. McGee, ABA # 0510075
MCGEE LAW OFFICES PLLC
15711 NE 143rd Place
Woodinville, WA 98072
Phone: 425-368-2321
Fax: 425-368-2322
E-mail: tkmcgee@mcgeelaw.net
Counsel for Plaintiff
Channel Construction, Inc.

James F. Clark, ABA # 6907025
Law Office of James F. Clark
1109 C Street
Juneau, AK 99801
Phone: 907-586-0122
Email: jfclarkiii@gmail.com
Attorney for Plaintiff
Channel Construction, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| IN RE THE COMPLAINT OF CHANNEL CONSTRUCTION, INC., AS OWNER OF TUG COLUMBIA LAYNE AND BARGE CCI 401 FOR LIMITATION OF LIABILITY | Case No. 1:24-cv-00015 |

COMPLAINT FOR LIMITATION OF LIABILITY
(46 U.S.C. §§ 30501-30530)

COMPLAINT FOR LIMITATION OF LIABILITY Page 1 of 8
In re Channel Construction, Inc., Case No. 1:24-cv-00015
Case 1:24-cv-00015-SLG   Document 1   Filed 10/01/24   Page 1 of 8

For claim for limitation of liability pursuant to the Limitation of Shipowners' Liability Act, 46 U.S.C. §§ 30501-30530, Supplemental Admiralty Rule F, and Local Admiralty Rule (f)-1, plaintiff Channel Construction, Inc., alleges as follows:

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 30101. The claim alleged is an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h).

2. Plaintiff Channel Construction, Inc. ("Channel") is an Alaska corporation whose principal place of business is in Juneau, Alaska.

3. Channel is the bareboat charterer of Tug *Columbia Layne* ("the Tug"), Official Number 298539, a vessel documented under the laws of the United States, and the owner of Barge *CCI 401* ("the Barge"), Official Number 292360, a vessel previously documented under the laws of the United States.

4. The Tug and the Barge are now within this District.

5. On April 6, 2024, the Tug departed Juneau, Alaska, with the Barge in tow (together, "the flotilla") enroute Killisnoo Harbor, Alaska, on the west side of Admiralty Island. The Barge was carrying heavy excavation equipment.

COMPLAINT FOR LIMITATION OF LIABILITY Page 2 of 8
In re Channel Construction, Inc., Case No. 1:24-cv-00015
Case 1:24-cv-00015-SLG   Document 1   Filed 10/01/24   Page 2 of 8

6. The Barge had no crew or means of self-propulsion and was entirely under the control of the Tug and her crew.

7. The flotilla arrived at Killisnoo Harbor on the same day, April 6. The Tug "flopped" on the Barge, making up with the Tug's port side to the Barge's port side near the Barge's bow, and thus with the Tug's bow facing the Barge's stern, and maneuvered the Barge stern-first into the barge ramp pad just west of the dock owned by the City of Angoon, with the Barge's port side to the dock, securing the Barge with a bow anchor, mooring lines to the dock, and the Barge's stern ramp lowered to the barge ramp pad. The Barge's bow extended well beyond the dock, and the Tug remained made up to the Barge's port side.

8. The Tug kept the Barge for the night where she lay, and the Tug remained made up on the Barge's port side through the night.

9. During the night of April 6-7, a flood tidal current from the west pushed the Barge's port aft corner just under the edge of the dock, despite the measures taken to secure the Barge, and as the Barge rose on the incoming tide, the dock, the building on the dock, and a fuel line owned by Angoon Oil & Gas Company on the dock were lifted and damaged. The fuel line was not

COMPLAINT FOR LIMITATION OF LIABILITY Page 3 of 8
In re Channel Construction, Inc., Case No. 1:24-cv-00015
Case 1:24-cv-00015-SLG   Document 1   Filed 10/01/24   Page 3 of 8

1 ruptured, and there was no release of hazardous substances into the 2 environment.

3     10.     The dock was in a seriously deteriorated condition and had 4 reached or exceeded the end of its useful life.

5     11.     Channel managers arrived to commence cargo discharge 6 operations on the morning of April 7 and discovered the damage to the dock, 7 building, and fuel line. The Tug continued to stand by, made up on the 8 Barge's port side, through discharge operations, while excavation work was 9 performed ashore, and during reloading of heavy excavation equipment 10 aboard the Barge on the morning of April 9.

11     12.     On April 9, after the heavy excavation equipment was reloaded 12 on the Barge, the Tug crew raised the Barge's ramp and anchor, and the 13 flotilla continued the voyage enroute Hoonah, Alaska.

14     13.     The flotilla arrived in Hoonah the same day, April 9, and stood 15 by while scrap metal owned by Channel was loaded aboard the Barge. The 16 flotilla departed Hoonah on April 11, arriving back in Juneau on the same 17 day, April 11.

18     14.     The City of Angoon has demanded in excess of $1 million for

In re Channel Construction, Inc., Case No. 1:24-cv-00015
Case 1:24-cv-00015-SLG   Document 1   Filed 10/01/24   Page 4 of 8

damage to the City dock and building. Angoon Oil & Gas Company has demanded $53,125 for damage to its fuel line. There are no other unsatisfied liens or claims of lien arising on the voyage, so far as known to Channel.

15. No actions or proceedings are pending concerning the voyage.

16. Neither the Tug nor the Barge was damaged, lost, or abandoned on the voyage.

17. The value of the Tug at the close of the voyage was $125,000.

18. No pending freight was recovered or recoverable at the close of the voyage.

19. The Tug and the Barge were diligently and regularly maintained, and Channel used due diligence to make the Tug and the Barge seaworthy.

20. If any unseaworthy condition existed aboard the Tug or the Barge, it did not cause or contribute to the damage to the dock, the building, or the fuel line.

21. No member of Channel's management was present at the scene before the dock, building, and fuel line were damaged, and no member of Channel's management had any personal participation in or knowledge of

COMPLAINT FOR LIMITATION OF LIABILITY Page 5 of 8
In re Channel Construction, Inc., Case No. 1:24-cv-00015
Case 1:24-cv-00015-SLG   Document 1   Filed 10/01/24   Page 5 of 8

measures taken or omitted by the Tug or her crew to prevent damage to the dock, the building, or the fuel line.

22. The damage to the dock, building, and fuel line occurred without the privity or knowledge of Channel.

23. At all times during the voyage, the Tug was the flotilla's dominant mind, and any fault causing or contributing to the damage to the dock, building, or fuel line was that of the Tug alone.

24. Channel had no contractual or consensual relationship with the City of Angoon or Angoon Oil & Gas Company in connection with the voyage.

25. Therefore, the liability of Channel does not exceed the amount or value of Channel's interest in the Tug and her freight pending at the close of the voyage, and Channel claims limitation of liability as owner *pro hac vice* of the Tug and owner of the Barge.

26. Channel herewith deposits with the Court, for the benefit of claimants, the sum of $126,000, equal to the amount or value of Channel's interest in the Tug and pending freight at the close of the voyage plus costs of $1,000.

COMPLAINT FOR LIMITATION OF LIABILITY Page 6 of 8
In re Channel Construction, Inc., Case No. 1:24-cv-00015
Case 1:24-cv-00015-SLG   Document 1   Filed 10/01/24   Page 6 of 8

# PRAYER

Wherefore, plaintiff Channel Construction, Inc., prays as follows:

1. That this Court issue a notice to the City of Angoon, Angoon Oil & Gas Company, and all other persons asserting claims with respect to which this Complaint seeks limitation, admonishing them to file their respective claims with the Clerk of the Court and to serve on the attorneys for plaintiff Channel Construction a copy thereof on or before the date named in the notice.

2. That this Court enjoin the commencement of any suits or proceedings of any nature, except in this proceeding, against plaintiff Channel Construction, its agents, representatives, or insurers, or against Tug *Columbia Layne* or Barge *CCI 401*, in respect of any claim arising out of this voyage or casualty.

3. With respect to claims filed in this proceeding and not dismissed, if plaintiff Channel Construction is adjudged liable, that such liability be limited to the amount or interest specified by the Limitation of Shipowners' Liability Act, 46 U.S.C. §§ 30501-30530, and that plaintiff Channel Construction be discharged therefrom upon the surrender of such interest,

COMPLAINT FOR LIMITATION OF LIABILITY Page 7 of 8
In re Channel Construction, Inc., Case No. 1:24-cv-00015
Case 1:24-cv-00015-SLG   Document 1   Filed 10/01/24   Page 7 of 8

1 and that the money paid or secured to be paid be divided pro rata according

2 to law among such claimants who prove their claims in accordance with the

3 provisions of the Order prayed for, saving to all parties any priority to which

4 they may be legally entitled, and that a judgment may be entered discharging

5 plaintiff Channel Construction from all further liability.

6     4. That plaintiff Channel Construction have such other and further

7 relief as the justice of this cause may require.

8     Respectfully submitted this 30th day of September, 2024.

10 / Terence K. McGee     / James F. Clark
Terence K. McGee, ABA # 0510075     James F. Clark, ABA # 6907025
McGEE LAW OFFICES PLLC     Law Office of James F. Clark
15711 NE 143rd Place     1109 C Street
Woodinville, WA 98072     Juneau, AK 99801
Phone: 425-368-2321     Phone: 907-586-0122
Fax: 425-368-2322     Email: jfclarkiii@gmail.com
E-mail: tkmcgee@mcgeelaw.net     Attorney for Plaintiff Channel
Counsel for Plaintiff Channel     Construction, Inc.
Construction, Inc.

COMPLAINT FOR LIMITATION OF LIABILITY Page 8 of 8
In re Channel Construction, Inc., Case No. 1:24-cv-00015
Case 1:24-cv-00015-SLG   Document 1   Filed 10/01/24   Page 8 of 8